UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | |
|---|---|
| CAROL M. GRISHAM, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 3:10-CV-01038-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Carol M. Grisham, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Grisham timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Grisham was fifty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a twelfth grade education, as well as training

in business education from high school. (Tr. at 16, 69, 108.) Her past work experiences include employment as a cashier and housekeeper. (Tr. at 42.) Ms. Grisham claims that she became disabled on December 1, 2006, due to fibromyalgia, problems in the lower back, carpal tunnel syndrom, pain in the hands, pain in the legs and back, whole body pain, memory problems, and depression. (Tr. at 36-37, 39, 97, 102.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Grisham meets the nondisability requirements for a period of disability and DIB and was

insured through the date of his decision. (Tr. at 11.) He further determined that Ms. Grisham has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's osteoarthritis of the hands, carpal tunnel syndrome, fibromyalgia, generalized anxiety disorder, and major depressive disorder are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 13.) The ALJ did not find Ms. Grisham's allegations of pain to be totally credible, and he determined that she has the following residual functional capacity: light work as defined in 20 CFR §§ 404.1567(b) and 416.987(b); she cannot climb ladders, ropes, and scaffolds; on an occasional basis, she can climb ramps and stairs, as well as balance, stoop, kneel, crouch, and crawl; she is restricted from frequent bending and lifting of heavy objects; she should avoid concentrated exposure to extreme cold, heat, and vibration due to osteoarthritis; she cannot work around hazards such as dangerous machinery and unprotected heights; and she is capable of performing simple work-related tasks. (Tr. at 14.)

    According to the ALJ, Ms. Grisham is able to perform her past relevant work, as that term is defined by the regulations. (Tr. at 16.) He determined that, in

comparing the Plaintiff's residual functional capacity with the physical and mental demands of her past relevant work, she has the ability "to perform [her past relevant work] as generally performed" (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 1, 2006 through the date of this decision." (*Id.*)

II.  Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being

supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Grisham alleges that the ALJ's decision should be reversed and remanded because she believes that the ALJ failed to properly evaluate the credibility of her complaints of pain consistent with the Eleventh Circuit Pain Standard. (Doc. 13 at 5.) Specifically, Ms. Grisham alleges that none of the reasons set forth by the ALJ for failing to credit her testimony of disabling pain are supported by substantial evidence. (*Id.*)

A claimant's subjective testimony of pain and other symptoms will support a finding of disability if it is supported by medical evidence that satisfies the pain standard and is not discredited by the ALJ. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To satisfy the pain standard, a claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that it can reasonably be expected to give rise to the alleged pain." *Id.* at 1560; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once the pain standard is satisfied, the ALJ must consider a claimant's subjective testimony of pain and other symptoms. *Foote*, 67 F.3d at 1560; *see also Minter v. Astrue*, 722 F. Supp. 2d 1279, 1282 (N.D. Ala. 2010) ("If a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited."). If the ALJ discredits the claimant's subjective testimony of pain and other symptoms, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the

relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). "Although [the Eleventh Circuit] does not require an explicit finding as to credibility . . . the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). The ALJ is not required to cite "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection that is insufficient to enable this Court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id*.

In this case, the ALJ found that Ms. Grisham's objectively determined medical conditions could reasonably be expected to cause the alleged pain, but that her statements concerning the intensity, persistence, and limiting effects of this pain are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. at 14.) The ALJ acknowledged Ms. Grisham's diagnoses of fibromyalgia, carpal tunnel syndrome, and degenerative disc disease, but noted that "the objective medical evidence does not show these conditions cause functional limitations that would preclude the claimant from performing substantial gainful work activity." (*Id.*) The ALJ likewise discredited Ms. Grisham's testimony that she is in so much pain she is not able to perform many physical activities. (*Id.*) In making these

determinations, the ALJ considered Plaintiff's medical records, treatment history, and daily activities. (*Id.*)

  A.   Plaintiff's Medical Records

In making his determination regarding Plaintiff's subjective complaints of pain, the ALJ first looked to Plaintiff's medical records. Plaintiff argues that the ALJ failed to identify contrary medical evidence and consider her longitudinal treatment. (Doc. 13 at 5.) However, the ALJ's decision specifically references and relies on her doctors' reports in determining that her medical conditions do not cause functional limitations that would preclude work. Specifically, the ALJ states that "Dr. Woodfin noted [the plaintiff] sat for 35 minutes before asking [to] get up," and his "examinations revealed no significant loss in range of motion." (Tr. at 15.)

Furthermore, the record itself is full of objective medical evidence that supports the ALJ's credibility determination. Ms. Grisham herself regularly described her back pain as mild or moderate, and improved with rest, change in position, and prescription medication. (Tr. at 192, 204, 215, 224, 230, 235.) Dr. Ray, in his 2005 examination, noted that straight leg raise was negative on the left and right, percussion tenderness over the lumbar spine was not present, and range of motion of the low back was fair. (Tr. at 188.) Dr. Woodfin, in 2007, noted "travel and dexterity are unaffected. . . .

There is no stated physical limitation regarding being on her feet. . . . [I]f one avoids frequent bending and heavy lifting one should get along fairly well." (Tr. at 295.) These records directly contradict Plaintiff's testimony that she could not sit for more than twenty minutes due to pain, and that reaching her arms and hands out in front of her caused pain in her arms, shoulders, and elbows. (Tr. at 38.) Ms. Grisham's credibility was also called into question by the ALJ because she requested a residual functional capacity assessment during her visit with Dr. Clarke Woodfin, after a two year gap in medical treatment, suggesting she was seeing her doctor solely for the purpose of generating evidence for her disability application. (*Id.*)

B.  Treatment History

The ALJ also looked at the plaintiff's treatment history in making his determination. The ALJ noted significant gaps in Ms. Grisham's treatment records, which suggested to him that her medical conditions were not as severe as she had alleged. (*Id.*) Ms. Grisham contends that the ALJ did not properly consider her treatment history when making this determination. (Doc. 13 at 5.) When relying on a claimant's failure to pursue regular medical treatment, the ALJ must first consider any explanations that may explain infrequent or irregular medical visits or failure to seek

medical treatment. Social Security Ruling 96-7p. These explanations may be provided by the claimant, or by information in the case record. *Id.*

Ms. Grisham testified that "she is unable to seek more medical treatment because of financial reasons." (Doc. 13. at 7.) Specifically, she answered in the affirmative that she would "probably have more medical records if [she] had more money." (Tr. at 40.) The ALJ found this argument unpersuasive. (Tr. at 14.) The record not only demonstrates Ms. Grisham failed to seek treatment during the two year gap, but it also lacks any evidence of hospitalizations or emergency room visits for fibromyalgia and osteoarthritis symptoms during the gap. It also demonstrates that Ms. Grisham was "reluctant to consider surgical intervention" during her medical treatments after the two year gap, indicating that her pain might not have been as severe as she alleged. (Tr. at 333.)

  C. Daily Activities

Finally, the ALJ also considered Plaintiff's daily activities in making his determination. Plaintiff's testimony regarding her daily activities undermines her subjective pain testimony. While the ALJ cannot use daily activities alone to ascertain whether a claimant is disabled, the ALJ must consider the entire record, including a claimant's activities, to make a finding on credibility.   20 CFR § 416.929(c)(3)

("Factors relevant to your symptoms, such as pain, which we will consider include: (i) Your daily activities . . . ."); see also Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997) (finding that "participation in everyday activities, such as housework or fishing" does not alone disqualify one from disability).

Plaintiff testified that she watches T.V., reads, feeds her pets, goes grocery shopping, goes to church regularly, and sometimes cooks breakfast and supper. (Tr. at 32-35.) In her Daily Activities Questionnaire, Ms. Grisham stated that she performs several household chores, including doing the "laundry, ironing, cleaning, dusting/polishing furniture, changing bed linens, and making up beds," but she needs help in completing these chores if they involve "lifting heavy objects." (Tr. at 118.) She also stated that, in her spare time, she will "get online on [her] computer, read, talk on [the] phone, help others in need . . . go to church, visit occasionally, play with [her] pets, watch T.V., [and] listen to [the] radio." (Id.) The ALJ found that this testimony as to her daily activities contradicted her subjective pain assertions. (Tr. at 15.)

The ALJ articulated explicit and adequate reasons for discrediting Ms. Grisham's subjective testimony of pain. The objective medical evidence and other evidence supports the ALJ's conclusion that Ms. Grisham's condition did not cause

disabling limitations and instead shows that she could perform work at a light exertion level. (*Id.*)

IV.   Conclusion.

Upon review of the administrative record, and considering all of Ms. Grisham's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this <u>8th</u> day of <u>March 2012</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458